TRANSATLANTIC SHIPPING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61932. Promulgated December 26, 1934.

*Modie Harris, Esq.*, for the petitioner.
*Frank M. Thompson, Jr., Esq.*, for the respondent.

OPINION.

SEAWELL: In June 1928 the Mixed Claims Commission, United States and Germany, paid to the petitioner, a New York corporation, the sum of $29,421.54 representing principal and interest due under an award made in favor of the petitioner in January 1926 based upon a claim it filed with the Mixed Claims Commission in 1922 for loss of merchandise incurred by the sinking of the steamship *Kerwood.* After deducting counsel fees of $9,105.38, the remainder, $20,316.16, was placed in the hands of a trustee for distribution to the parties entitled thereto. In July 1928 the trustee, pursuant to an assignment made in an agreement entered into March 6, 1924, paid $12,987.12 of the proceeds of the claim to and for the account of Ernest F. Mattutat, and $7,329.04 to the petitioner. In his determination of a deficiency of $1,558.46 in income tax against the petitioner for 1928, the respondent included the sum of $20,316.16 in gross income. The petitioner concedes that the amount of $7,329.04 it received is taxable. Whether the sum of $12,987.12

paid over to Mattutat is taxable to the petitioner, the assignor, is the only question presented for decision.

The position of the respondent is that the March 1924 agreement was nothing more than an assignment of future income, and the contention of the petitioner is that it had no property right in the claim after March 1924 other than a right to receive from Mattutat a portion of whatever he realized from the claim.

There is no longer any doubt about the rule governing questions of this sort. In *William Ernest Seatree*, 25 B. T. A. 396, we said, on the authority of numerous cases:

> It is well settled that an assignment of income does not relieve the assignor of the tax thereon, but that if property or property rights are assigned the income subsequently arising therefrom is not taxable to the assignor, for the reason that the property no longer belongs to him and therefore the income from such property belongs, not to him, but to the new owner. * * *

See also *Walter L. Ross*, 30 B. T. A. 496. An examination of the facts here, none of which are in dispute, in the light of the established rule, leaves no doubt that the amount in question is not taxable to the petitioner.

On March 6, 1924, Ernest F. Mattutat, owner of four fifths of the outstanding stock of the petitioner, J. A. Martin and F. S. Rollo, owners of the remaining stock, and the petitioner entered into a written agreement by the terms of which, for valuable considerations, Mattutat agreed, among other things, to (1) assign his stock to Martin and Rollo; (2) pay certain indebtedness of others to the petitioner; (3) execute general releases in favor of the petitioner, Martin, and Rollo, except as to matters arising out of the agreement; (4) refrain for a period of five years from entering into business competitive with the petitioner; and (5) resign as an officer and director of the petitioner; and Martin, Rollo, and the petitioner agreed to do certain things. Among the things the petitioner agreed to do was:

> To assign, transfer and set over to E. F. Mattutat the claim of the Company [petitioner] against the German Government heretofore filed with the Claims Commission at Washington, D. C., on or about the 11th day of January 1923, through Modie Harris, its attorney, in the sum of $27,000.00. If, when and as said claim is collected by said E. F. Mattutat, there shall first be paid therefrom all necessary and proper expenses and counsel fees, and the net proceeds thereof are to be distributed as follows—seventy-five per cent (75%) to E. F. Mattutat and twenty-five (25%) to the Company; it being understood, however, that any future expenditures made by the Company in connection with this claim are to be paid to the Company before ascertaining the net amount.

Each of the parties to the contract agreed to execute such other instruments as might be necessary and proper to effectuate the purposes and objects of the agreement. Subsequently, in March 1924,

the petitioner executed an instrument reciting that in consideration of the sum of one dollar and other good and valuable considerations it—

* * * have sold, assigned, transferred and set over, and by these presents do sell, assign, transfer and set over unto ERNEST F. MATTUTAT * * * his executors, administrators and assigns, to his own proper use and benefit, any and all sums of moneys now due or to grow due upon the claim filed by it with the Mixed Claims Commission, at Washington, D. C., on or about January 11, 1923, and which matter is now pending. AND does hereby give the said ERNEST F. MATTUTAT, his executors, administrators and assigns, the full power and authority, for his own use and benefit, but at his own cost, to ask, demand, collect, receive, compound and give acquittance for the same or any part thereof, and in his name or otherwise to prosecute and withdraw any suits or proceedings at law or in equity therefor.

The right of the petitioner to recover an amount for the loss of its goods was a property right, a chose in action, capable of being assigned *in praesenti*. The petitioner obligated itself in the March 6, 1924, agreement to assign to Mattutat its claim then pending before the Mixed Claims Commission, without any reservation of interest therein beyond the right to receive from Mattutat, when, if ever, the claim was collected, a sum computed as set forth in the contract. The petitioner assigned all of its right, title, and interest in the claim to Mattutat later in the same month. Thereafter the claim, with all the rights attached to it, was owned by the assignee. Such right as the petitioner had to a portion of any proceeds of the claim did not attach until the claim was reduced to money. The income was derived from property rights in the claim. These rights, we find, were owned by Mattutat, not the petitioner, after March 1924.

The amount of the award was paid direct to the petitioner on account of a provision in the Settlement of War Claims Act of 1928, approved March 10, 1928, and regulations prescribed thereunder by the Secretary of the Treasury, limiting payment of any award to the person on whose behalf the award was made, with certain exceptions not material here. This provision against the recognition of assignments of awards did not in any way affect the property rights Mattutat had in the claim and the award made under it. The petitioner received the payment, not as the owner of the claim, but as a trustee for Mattutat.

Not in excess of $7,329.04 of the amount paid on the claim in 1928 constitutes taxable income to the petitioner. See *Commissioner* v. *Field*, 42 Fed. (2d) 820; *Hall* v. *Burnet*, 54 Fed. (2d) 443; *Nelson* v. *Ferguson*, 56 Fed. (2d) 121; *Eugene Siegel, Executor*, 20 B. T. A. 563; on appeal dismissed pursuant to motion of Commissioner, 59 Fed. (2d) 1055; *Oscar Mitchell*, 27 B. T. A. 101; *Walter L. Ross*, *supra.*

*Decision will be entered under Rule 50.*